IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID E. CARTER, | ) | No. C 03-5765 JSW (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) | |
| KEVIN McCONNELL, | ) | (Docket no. 17) |
| Defendant. | ) ) | |

**INTRODUCTION**

Plaintiff David E. Carter filed this *pro se* civil rights action when he was incarcerated at the San Francisco County Jail. Thereafter, he was transferred to San Quentin State Prison as a sentenced prisoner. In a letter dated August 5, 2005, Plaintiff notified the Court that he was to be released from prison the next day and would be residing in Sacramento. Plaintiff has not communicated with the Court since.

In an Order dated April 26, 2004, the Court ordered service of Plaintiff's excessive force claim on Defendant San Francisco Sheriff Deputy McConnell. On August 19, 2005, Defendant McConnell filed a motion for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies. Plaintiff has not filed an opposition. For the reasons discussed below, the Court GRANTS the motion for summary judgment.

## STATEMENT OF FACTS

In his complaint Plaintiff alleges that on December 5, 2002, excessive force was used against him at the San Francisco County Jail by Deputy Sheriff Kevin McConnell and at least four other deputies whose names are unknown. Specifically, he states that after he requested a lunch and was refused one by McConnell, he was taken from the holding tank to an isolation tank where McConnell and the other deputies slammed him to the ground and tortured him. Plaintiff contends that McConnell had his elbow in a lock and pushed it "toward the back of my head until it snapped." Plaintiff asserts he was then hog tied and left naked for more than three days, after which he was denied medical treatment for his injuries.

The complaint originally named as Defendants the San Francisco Sheriff's Department and Deputy Sheriff McConnell. In its April 26, 2004, Order of Service, the Court dismissed the San Francisco Sheriff's Department as a Defendant because Plaintiff made no allegations of municipal liability. The Court also directed Plaintiff to name the medical staff involved if he wished to pursue a claim related to the alleged failure to treat his injuries, and to name additional deputies as Defendants if he wished to pursue claims against them. Plaintiff never filed an amended complaint naming additional Defendants. Accordingly, the complaint states a single claim, for excessive force, against a single Defendant, Deputy Sheriff McConnell, arising out of the alleged use of excessive force.

## DISCUSSION

Defendant McConnell moves for summary judgment on the ground that Plaintiff has failed to exhaust his administrative grievances before filing suit. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases

covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Here, Defendant has raised nonexhaustion in a motion for summary judgment, rather than in an unenumerated motion to dismiss. This is not fatal to Defendant's motion, however, because an unenumerated motion to dismiss for failure to exhaust is closely analogous to summary judgment. *Id.* at 1120 n.14. Because Plaintiff was provided with fair notice of his opportunity to develop a record, as is required for pro se prisoners opposing motions for summary judgment or unenumerated motions to dismiss, *see id.*, no prejudice accrues to Plaintiff by having the Court construe Defendant's motion for summary judgment as an unenumerated motion to dismiss. Therefore, the motion for summary judgment is so construed.

In support of his motion, Defendant has provided a declaration of San Francisco County Jail Chief Deputy Tom Arata, and a copy of San Francisco Sheriff's Department

regulations which show that in order to exhaust administrative remedies within the San Francisco County Jail an inmate must: (1) submit a grievance complaining of the alleged incident, and (2) upon denial of that grievance, file an appeal to the Custody Division Commander. Deputy Arata states in his declaration that his review of all known San Francisco County Jail records has revealed that although Plaintiff filed numerous grievances in 2003, none of them allege or refer to any incident involving excessive force. The records also reveal that Plaintiff never filed an appeal, on any subject, to the Custody Division Commander.

The Court's review of the record of Plaintiff's administrative grievances supports Defendant's assertions and reveals that Plaintiff has failed to exhaust his administrative remedies with respect to his excessive force claim. As such, he has failed to satisfy his obligation under §1997e(a) to exhaust his administrative remedies before filing suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending). The action must be dismissed without prejudice. *See id.* at 1200-01.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment has been construed as an unenumerated motion to dismiss for failure to exhaust administrative remedies, and the motion is GRANTED. (Docket no. 17.) This action is DISMISSED without prejudice. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: February 6, 2006

_____
JEFFREY S. WHITE
United States District Judge